

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | STAMFORD, CT |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (212) 545-4021
MY EMAIL ADDRESS IS: ZOLDESSJ@JACKSONLEWIS.COM

July 29, 2016

VIA ECF

Honorable Ronald L. Ellis, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: **Francis v. Bowery Residents' Committee**
           **Case No. 15 Civ. 7102 (RJS)**

Dear Judge Ellis:

    We are counsel for Defendant Bowery Residents' Committee, Inc. in connection with the above-referenced case, and submit this letter jointly with counsel for Plaintiff. On July 14, 2016 the Court issued a Memorandum Opinion and Order (docket # 23) denying the parties' request for approval of their proposed settlement agreement. A revised version of the settlement agreement responsive to the Court's July 14th Order is attached hereto as Exhibit "A." If acceptable to Your Honor, the parties will promptly execute the revised settlement agreement and submit to the Court along with the proposed Stipulation and Order of Final Dismissal with Prejudice.

    We thank the Court for its consideration in this regard.

               Respectfully submitted,

               JACKSON LEWIS P.C.

               Jason A. Zoldessy

Attachment

cc:    Abdul K. Hassan, Esq. (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUBY FRANCIS,

                      Plaintiff,

-v-                                          15 Civ. 07102 (RLE)

BOWERY RESIDENTS' COMMITTEE, INC.,

                      Defendant.

---

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

        Plaintiff Ruby Francis ("Plaintiff") and Defendant Bowery Residents' Committee, Inc. ("Defendant" and together with Plaintiff, the "Parties") desire to settle and resolve fully all claims that have been or could have been brought against Defendant by Plaintiff, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's claims in the lawsuit captioned *Francis v. Bowery Residents' Committee, Inc.*, Case No. 15-CV-7102 (RLE), pending in the United States District Court for the Southern District of New York ("Lawsuit"). Therefore, in consideration of the foregoing, Plaintiff and Defendant agree as follows:

        1.    **Consideration.** In consideration for Plaintiff's timely signing this Negotiated Settlement Agreement & Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release and waiver of claims, Defendant agrees to provide Plaintiff with the total settlement sum of Fifteen Thousand Five Hundred Dollars and Zero Cents ($15,500.00), less lawful deductions and tax withholdings, in consideration for and in full satisfaction of all claims Plaintiff may have against Defendant, known or unknown, asserted or unasserted, through the date of her execution of the Agreement. Such payment shall be apportioned among Plaintiff and Plaintiff's counsel as follows:

        (a) A payment to "Ruby Francis" in the amount of Two Thousand Five Hundred Dollars ($2,500), less applicable taxes and withholdings;

        (b) A payment to "Ruby Francis" in the amount of Two Thousand Five Hundred Dollars ($2,500), representing liquidated and other damages;

        (c) A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Ten Thousand Five Hundred Dollars ($10,500), representing reduced legal fees ($10,000), costs ($460) and disbursements;

        (d) For tax purposes, 50% of payments to Plaintiff shall be treated as back wages and subject to Form W-2 reporting and 50% of such payments shall be treated

as federal and state liquidated damages and prejudgment interest and subject to Form 1099 reporting; and

(e) The payments set forth in in paragraph 1(a), (b) and (c) will be sent to Plaintiff's counsel of record, Abdul Hassan Law Group, PLLC, within fourteen (14) business days of the latest of the following: (i) Defendant's counsel is in receipt from Plaintiff of two (2) originals of this Agreement executed by Plaintiff; and (ii) Defendant's counsel is in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Tax Liability.** Plaintiff and/or her counsel shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs, except for any employer-paid payroll taxes, that may be assessed against her upon such settlement sums set forth in Paragraph 1 above. Plaintiff further agrees to indemnify and hold Defendant harmless against the payment of any such taxes, interest, penalties and other liabilities or costs owed by Plaintiff, but specifically excluding any employer-paid payroll taxes, that may be assessed against her in connection with those sums. Plaintiff acknowledges that she has not relied on any oral or other representations made by Defendant or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

4. **Release of Claims.** Plaintiff, her heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendant and its current and former officers, directors, Board Members and employees, insurers, reinsurers, predecessors, successors and assigns, and each entity's employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any wage and hour claims which Plaintiff has or may have against Releasees as of the date of Plaintiff's execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and the New York Labor Law, and any other claim for unpaid wages or overtime, including attorneys' fees and costs, based upon any conduct occurring up to and including the date of the complete execution of this Agreement.

5. **Acknowledgments and Affirmations.** Plaintiff affirms that Plaintiff has not filed or caused to be filed, and is not presently a party to any claim against Defendant except for her claims in the Lawsuit, which she agrees to the dismissal of with prejudice. Plaintiff further affirms that Plaintiff has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act or related state or local leave or disability accommodation laws and has not been retaliated against for exercising any rights under such laws.

2

The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

6.  **Procedure.** After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendant's review of the fairness memorandum, Plaintiff will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

7.  **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8.  **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9.  **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

11. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFF IS HEREBY ADVISED IN WRITING THAT SHE IS AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH HER ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH SHE AGREES THAT SHE HAS DONE.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HER ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

RUBY FRANCIS

Dated: _____, 2016            By: _____
                                      Ruby Francis

BOWERY RESIDENTS' COMMITTEE, INC.

Dated: _____, 2016            By: _____
                                      Debi Alpert
                                      Deputy Executive Director, Human Resources

4

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FRANCIS,<br><br>                          Plaintiff,<br><br>-v-<br><br>BOWERY RESIDENTS' COMMITTEE, INC.,<br><br>                          Defendant. | 15 Civ. 07102 (RLE) |

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS

       IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Ruby Francis and Defendant Bowery Residents' Committee, Inc. that the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiff Ruby Francis's claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release.

                                                                Respectfully submitted,

| | |
|---|---|
| ABDUL HASSAN LAW GROUP, PLLC<br>*Attorneys for Plaintiff*<br>215-28 Hillside Avenue<br>Queens Village, NY 11427<br>Tel. No. (718) 740-1000 | JACKSON LEWIS P.C.<br>*Attorneys for Defendant*<br>666 Third Avenue, 29th Floor<br>New York, NY 10017<br>Tel. No. (212) 545-4000 |
| By: _____<br>       Abdul K. Hassan | By: _____<br>       Jason A. Zoldessy |
| Dated: _____, 2016 | Dated: _____, 2016 |

SO ORDERED on this _____ day of _____, 2016.

_____
Hon. Ronald L. Ellis
United States Magistrate Judge